**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| In re:                                            )<br>                                                      )<br>    Margaret Heidel,                        )<br>                                                      )<br>        Debtor.                                  )<br>_____)<br>                                                      )<br>Margaret Heidel,                            )<br>                                                      )<br>        Plaintiff                                 )<br>                                                      )<br>    v.                                                )<br>                                                      )<br>Deutsche Bank National Trust Company, as )<br>Trustee for WAMU Mortgage Pass-Through )<br>Certificates Series 2005-AR,              )<br>                                                      )<br>        Defendant.                             )<br>_____) | Case No.    22-50419 (JAM)<br>Chapter        7<br><br><br><br><br><br>Adv. P. No.    22-05029 (JAM)<br><br><br><br><br><br>Re: ECF Nos. 1 and 10. |

**<u>ORDER ABSTAINING FROM ADVERSARY PROCEEDING</u>**

On October 14, 2022, Ms. Margaret Heidel, the above-captioned Debtor and Plaintiff, initiated this adversary proceeding. (ECF No. 1, the "Complaint.") The above-captioned Defendant, Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-Through Certificates Series 2005-AR, ("Deutsche Bank"), moved, on November 14, 2022, to dismiss this adversary proceeding. (ECF No. 10, the "Motion to Dismiss.") At the pre-trial conference held on January 17, 2023, the Court alerted the parties that it would likely abstain from hearing and determining this adversary proceeding. For the reasons set forth below, the Court so abstains. The above-captioned adversary proceeding shall be closed.

I.      **BACKGROUND**

On August 18, 2022, the Plaintiff filed a voluntary petition for Chapter 7 bankruptcy. (Main Case ECF No. 1.)[1] On October 19, 2022, the Chapter 7 Trustee filed his final report of no distribution. (Main Case ECF No. 21.) The Plaintiff is proceeding *pro se* in her Chapter 7 Case and in this adversary proceeding.

On January 17, 2023, a hearing was held on the Defendant's Motion For Relief From Stay (Main Case ECF No. 29, the "Lift Stay Motion") in the Chapter 7 Case. On January 18, 2023, the Court granted the Defendant's Lift Stay Motion. (Main Case ECF No. 39.)

Also on January 17, 2023, a pre-trial conference for the adversary proceeding was held. In the Complaint, the Plaintiff objects to the Defendant's usage of "Certificates" as opposed to "Certificate" in an alleged proof of claim filed in the Chapter 7 Case. The Defendant had corrected "Certificates" to "Certificate" in the state court foreclosure litigation involving Plaintiff and Defendant. (Complaint Ex. 1.) The Plaintiff argues that, for this reason, the alleged proof of claim filed by the Defendant is invalid and should be disallowed because she does not "owe Deutsche Bank National Trust Company, as Trustee for WAMU Mortgage Pass-Through *Certificates* Series 2005-AR, anything." (Complaint ¶ 5 (emphasis in original).)

The Defendant in its Motion to Dismiss denies having filed a proof of claim in the Plaintiff's Chapter 7 Case and that, therefore, the Complaint fails to state a claim, for which relief may be granted. The Defendant additionally argues that, under the Rooker-Feldman doctrine articulated by the United States Supreme Court in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), the Plaintiff's Complaint requests that the Court act impermissibly as an appellate court

---

[1] References to the docket in the case *In re Heidel*, Case No. 22-50419 (JAM) (hereinafter the "Chapter 7 Case") will be styled "Main Case ECF."

to the Connecticut Superior Court, where the foreclosure action is pending.  Finally, the Defendant argues that the Plaintiff is collaterally estopped from arguing about whether the Defendant's name should include "Certificate" or "Certificates" because the Plaintiff did not oppose the motion to correct the Defendant's name in the foreclosure action.

Upon review of the pleadings, the Court has come to the determination that, for the reasons stated below, it should abstain from hearing and determining this adversary proceeding.

## II.  JURISDICTION

The United States District Court for the District of Connecticut has jurisdiction over the instant proceedings pursuant to 28 U.S.C. § 1334(b).  This Court has authority to hear and determine this matter pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A)–(B) and the District Court's General Order of Reference dated September 21, 1984.  The Court's exercise of jurisdiction is not precluded by Constitutional concerns.  *Cf. Stern v. Marshall*, 564 U.S. 462, 487–99 (2011).  Nevertheless, the Court notes the Plaintiff has impliedly consented by filing her Chapter 7 Case and the Complaint.  *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665 (2015); *True Traditions, LC v. Wu*, 552 B.R. 826, 838 (N.D. Cal. 2015) (holding that implied consent is given by filing a dispositive motion).  The Court also notes the Defendant has impliedly consented by filing the Motion to Dismiss.  *Wellness Int'l Network*, 575 U.S. at 665; *True Traditions*, 552 B.R. at 838.

## III.  DISCUSSION

### A.  Legal Standard For Permissive Abstention

Pursuant to 28 U.S.C. § 1334(c), "courts have broad discretion to abstain from hearing claims arising under Title 11, or arising in or related to a case under Title 11, whenever appropriate 'in the interest of justice, or in the interest of comity with State courts or respect for

3

State law.'" *Cody, Inc. v. Cty. of Orange (In re Cody, Inc.)*, 281 B.R. 182, 190 (S.D.N.Y 2002) (internal citations omitted) *aff'd in part*, *appeal dismissed in part*, 338 F.3d 89 (2d Cir. 2003). In considering whether permissive abstention is appropriate under § 1334(c), courts have considered one or more of the following twelve factors:

> (1) the effect or lack thereof on the efficient administration of the estate if a [court] recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable state law, (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than the form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the court's] docket, (10) the likelihood that the commencement of the proceeding in a bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of non-debtor parties.

*Cody*, 281 B.R. at 190–91; *see Osuji v. New Century Mortgage Corp. (In re Osuji)*, 564 B.R. 180, 187 (Bankr. E.D.N.Y. 2017); *In re Pers. Comm. Devices, LLC*, 556 B.R. 45, 56–57 (Bankr. E.D.N.Y. 2016).

"Permissive abstention is warranted when it is more appropriate to have a State court hear a particular matter of State law." *Coker v. Pan Am. World Airways, Inc. (In re Pan Am. Corp.)*, 950 F.2d 839, 846 (2d Cir. 1991). "Permissive abstention under Section 1334(c)(1) is within the sound discretion of the bankruptcy court." *Abir v. Malky, Inc. (In re Abir)*, Case No. 09-CV-2871 (JF), 2010 WL 1169929, at *7 (E.D.N.Y. Mar. 22, 2010).

### B. Permissive Abstention Is Warranted in This Adversary Proceeding

Permissive abstention is warranted in this adversary proceeding based upon the presence of the following factors: (i) the Chapter 7 Trustee has already issued his final report of no distribution; (ii) there is a pending foreclosure action in the Connecticut Superior Court; (iii) the

4

Court has already granted the Defendant relief from the stay, so there is no remaining bankruptcy purpose to this adversary proceeding; (iv) the Defendant has not filed a proof of claim; and (v) there is no jurisdictional basis other than 28 U.S.C. § 1334.

The Plaintiff's Chapter 7 Case will close soon in the ordinary course of case administration. There have been no objections to the Chapter 7 Trustee's final report of no distribution. There have been no objections to discharge or dischargeability. Keeping the Chapter 7 Case open to hear and determine the present adversary has a negative impact on the efficient administration of the estate and burdens the Court's docket. *See Cody*, 281 B.R. at 190–91.

There is already a related pending state court proceeding between the Plaintiff and her husband and the Defendant, styled *Deutsche Bank Nat'l Trust Co. v. Heidel*, Docket No. DBD-CV17-6022160 (Conn. Sup. Ct. June 24, 2019) (the "Foreclosure Action"), which proceeding has already reached a judgment of strict foreclosure, Order, *Heidel*, Docket No. DBD-CV17-6022160 (Conn. Sup. Ct. June 24, 2019), Entry No. 115.05 (the "Judgment of Strict Foreclosure.") The Judgment of Strict Foreclosure was not appealed. In the Connecticut Superior Court, the issue of the Defendant's correct name was already raised and addressed. *See* Order, *Heidel*, Docket No. DBD-CV17-6022160 (Conn. Sup. Ct. Jan. 13, 2020), Entry No. 167.01. The Court believes that the Connecticut Superior Court is the proper forum in which to litigate the issues in this adversary proceeding. *See Pan Am. Corp.*, 950 F.2d at 846; *Cody*, 281 B.R. at 190–91. The Court has also already determined the Defendant's Lift Stay Motion and granted relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d)(1) and (2). The parties, therefore, may return to the Foreclosure Action to litigate any issues that remain.

The claim registry in this case is empty – it is a Chapter 7 case without assets for distribution to creditors. The Defendant has not filed a proof of claim. Therefore, the Complaint does not raise issues of bankruptcy law – the Court cannot disallow a proof of claim that has not been filed. Therefore, the Connecticut law issues raised in the Foreclosure Action predominate over issues of bankruptcy law. *See Cody*, 281 B.R. at 190–91.

Finally, this Court only has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. *See id.*

### IV.    CONCLUSION & ORDER

The underlying issues are jurisdictionally and properly before the Connecticut Superior Court. Further, the Court finds it appropriate to exercise its discretion and permissively abstain under 28 U.S.C. § 1334(c)(1).

For the forgoing reasons, it is hereby

**ORDERED:** The Court hereby abstains from hearing and determining this adversary proceeding; and it is further

**ORDERED:** The above-captioned adversary proceeding shall be closed; and it is further

**ORDERED:** On or before January 19, 2023, the Clerk's Office shall serve this Order upon Ms. Margaret Heidel via first class mail at 5 Highview Lane, Sherman, CT 06784, which is the address listed on her Chapter 7 petition.

Dated at Bridgeport, Connecticut this 18th day of January, 2023.

*Julie A. Manning*
United States Bankruptcy Judge
District of Connecticut